UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN MANDILE,<br><br>        Plaintiff,<br><br>v.<br><br>UXBRIDGE SCHOOL COMMITTEE; and MICHAEL BALDASSARRE, in his personal and official capacities,<br><br>        Defendants. | Civil Action No. 4:23-cv-40142<br><br>**STIPULATED TEMPORARY RESTRAINING ORDER, WITHOUT PREJUDICE** |

NOW COME the parties to the above referenced matter, the plaintiff, Stephen Mandile ("Mandile" or "Plaintiff"), and the defendants, Uxbridge School Committee ("USC") and Michael Baldassare ("Baldassarre" and with USC, the "Defendants"; and collectively with the Plaintiff, "the parties"), and hereby stipulate and agree as follows:

WHEREAS, this Action is a dispute between Mandile, a sitting Select Board member for the Town of Uxbridge (the "Town"), USC and Baldassarre;

WHEREAS, this Action arises out of the issuance of a no-trespass order (the "NTO") issued against Mandile dated September 6, 2023, as modified on October 6, 2023;

WHEREAS, Baldassarre is the Town's Superintendent of Schools;

WHEREAS, Baldassarre has asserted that there were concerns with the behavior of Mandile that resulted in the issuance of the NTO on September 6, 2023.  Mandile denies any justification for the issuance of the NTO;

WHEREAS, Mandile has filed the instant Action on account of the NTO, alleging claims for violation of 42 U.S.C. § 1983 based on the First and Fourteenth Amendments;

WHEREAS, Mandile filed the Action on October 17, 2023; and

WHEREAS, the parties are interested in expeditiously resolving the issues between the parties and avoiding any protracted litigation or the incursion of unnecessary litigation expenses.

NOW, THEREFORE, for the considerations outlined above, the parties have agreed to enter into the following Stipulated Temporary Restraining Order, without prejudice:

## STIPULATION

1. The parties shall enter into discussions to resolve the issues and claims relating to the allegations of the complaint (ECF No. 1) in the above-captioned action. The parties are amenable to engaging a mediator for these purposes.

2. This action and the proceedings therein shall be continued for sixty days, with the hearing scheduled for November 3, 2023 (ECF No. 20) on Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 2) ("the TRO/PI motion") being continued for 60 days or as soon thereafter as the parties may be heard.

3. The deadline for responding to the complaint by way of answer or motion to dismiss, currently November 9, 2023 (ECF Nos. 14 & 15), shall be extended by 60 days, without prejudice to further extensions by agreement and/or upon good cause.

4. Pending a hearing and decision by the Court on the TRO/PI motion, the No Trespass Order issued by Defendants on September 6, 2023 (ECF No. 1-7), as modified October 6, 2023 (ECF No. 1-11), and any purported enforcement thereof, is hereby enjoined, without prejudice.

5. Notwithstanding the stipulated injunction, all applicable School Department policies and procedures relating to Mandile's presence in any school or on school property and volunteerism may be enforced as to him to the same extent such would be enforced as to any other person.

6. Plaintiff's motion for leave to conduct early discovery (ECF No. 4) is hereby resolved by agreement, such that the video footage of September 5, 2023, that is the subject of such motion shall be produced to Plaintiff by Defendants within seven days of the date hereof.

7. Nothing contained in this Stipulated Temporary Restraining Order, nor the fact that the parties have entered into this Stipulated Temporary Restraining Order, shall constitute or be treated as an admission or evidence of liability or a finding on the merits of the plaintiff's claims or the defendants' defenses.

8. This Stipulated Temporary Restraining Order shall not constitute a waiver of any claim or defense or a finding on the merits of the plaintiff's claims or the defendants' defenses in this Action.

9. This Stipulated Temporary Restraining Order shall not be offered or received as evidence in any proceeding in any forum as an admission or as other evidence of any liability by any party, or its employees, committees, boards, or other agents, except as may be necessary to enforce the terms of this Stipulated Temporary Restraining Order. For purposes of clarity, this Stipulated Temporary Restraining Order shall not constitute a finding on the merits of the plaintiff's claims or the defendants' defenses or any waiver of the defenses to any motion for a preliminary injunction or restraining order, and the parties specifically reserve all claims and defenses.

10. Any breach of this Stipulated Temporary Restraining Order may be enforced by this Court.

Dated: October 31, 2023.	Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

*Attorneys for Plaintiff
Stephen Mandile*

/s/ Jeffrey J. Trapani
Jeffrey J. Trapani, BBO# 661094
jtrapani@piercedavis.com
Pierce Davis & Perritano, LLP
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950

*Attorneys for Defendants Uxbridge School
Committee and Michael Baldassare.*

SO ORDERED, this ___ day of _____, 2023:

_____
Hon. Margaret R. Guzman, U.S.D.J.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2023, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Marc J. Randazza
Marc J. Randazza
